

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 2/29/2024 |

L. Scott Karlin
David E. Karlin
Michael J. Karlin
Rex Reeves
Dan T. Danet

13522 Newport Ave. Ste. 201
Tustin, CA, 92780
T. 714.731.3283
F. 714.731.5741
www.karlinlaw.com

February 5, 2024

**VIA ECF**

Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Luis v. Kane and Vessel FWP LLC*
             Case No. 1:23-cv-06624-MKV

Dear Judge Vyskocil:

    As counsel for Defendant, I write to address the parties' settlement and to present the parties' joint request for judicial approval of the Consent Decree enclosed herewith.

    Plaintiff's class action Complaint alleges that Defendant's website is a place of public accommodation which is not accessible to visually disabled persons in violation of Title III of the Americans with Disabilities Act and New York City Human Rights Law. While Defendant does not admit liability, we have reached an early settlement with Plaintiff individually in order to avoid the cost and inconvenience of litigation and to address the issues raised by this action in a mutually acceptable fashion. We hereby request that the Court so-order the Consent Decree, which has been fashioned as a reasonable resolution of Plaintiff's claims.

    The Consent Decree "(1) springs from and serves to resolve a dispute within the court's subject-matter jurisdiction, (2) comes within the general scope of the case made by the pleadings, and (3) furthers the objectives of the law upon which the complaint was based." *Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989) (internal bracketing omitted) (citing Local Number 93, *Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)); accord, *Crosson v. Popsockets LLC*, No. 19-cv-200 (CBA)(LB), 2019 WL 6134416, at *2 (E.D.N.Y. Oct. 8, 2019), adopted by 2019 WL 6134153 (Nov. 19, 2019); *Riverkeeper, Inc. v. MLV Concrete Inc.*, No. 14-cv-3762 (LDH)(PK), 2017 WL 3172897, at *2 (E.D.N.Y. June 26, 2017), adopted by 2017 WL 3172859 (July 25, 2017). See also, *Figueroa v. Arhaus, LLC*, No. 18 Civ. 10491 (GWG)

(S.D.N.Y. Feb. 20, 2019) (DE16) (applying the above standard in a similar ADA action to approve a consent decree in an action between private parties).

Additionally, the Consent Decree is designed to serve as a shield for Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being addressed and resolved pursuant to this settlement. Duplicative suits have been a recurring problem in similar matters handled by my law firm and other attorneys defending these matters around the country.

There have been many other ADA website class actions in this Court, and in other districts, in which similar consent decrees have been so-ordered, including *Murphy v. Cos Bar Retail LLC*, SDNY, 18-cv-06968 (RA), February 11, 2019 (DE 22); *Picon v. Brooklyn Gastroenterology and Endoscopy*, PLLC, SDNY, 18-cv-07936 (ALN), July 9, 2019 (DE 16); *Dawson v. King Arthur Flour Company, Inc.*, SDNY, 19-cv-01435 (ALN), July 9, 2019 (DE 14); *Thorne v. Datrex, Inc.*, SDNY, 19-cv-01045 (LTS)(BCM), July 15, 2019 (DE 17); *Thorne v. Seabring Marine Industries, Inc.*, SDNY, 19-cv-01299 (ALC), July 17, 2019 (DE 20); *Hedges v. The Southwestern College*, SDNY, 20-cv-06076 (RA), October 26, 2020 (DE 11); *Young v. Drury University*, SDNY, 20-cv-05718(RA), November 25, 2020 (DE 16); *Angeles v. Politics and Prose Inc.*, 21-cv-05190 (JMF), SDNY, September 9, 2021 (DE 15); *Slade v. LaDove, Inc.*, 21-cv-05617 (KHP), SDNY, September 9, 2021 (DE 14); *Roman v. McCrea Capital Advisors Inc.*, 21-cv-05550 (SLC), SDNY, October 1, 2021 (DE 18); *Tavarez v. Sourcebooks*, 21-cv-09783 (GWG), SDNY, March 7, 2022 (DE 17); *Cruz v. Pure Steeps Beverage LLC*, 21-cv-09957 (KHP), SDNY, March 15, 2022 (DE 17); *Ortega v. Arteriors Home, L.P.*, 21-cv-10291 (SDA), SDNY, March 17, 2022 (DE 16); *Fischler v. NVA RE, LLC*, 21-cv-09218 (ALC), SDNY, April 4, 2022 (DE 11); *Fagnani v. Holmes Stamp Company*, 22-cv-10080 (VF), SDNY, April 28, 2023 (DE 16); *Murphy v. King University*, 23-cv00408 (ER), SDNY, June 7, 2023 DE 19); *Thorne v. University of Evansville*, 23-cv-00816 (LGS), SDNY, June 13, 2023 (DE 21).

Based on the foregoing, we respectfully request that Your Honor approve the enclosed Consent Decree for all of the reasons identified above.

Thank you for your attention to this matter.

Respectfully,

Larry Scott Karlin
THE KARLIN LAW FIRM LLP

cc: Counsel for Plaintiff (via ECF)

2

Scott@karlinlaw.com   David@karlinlaw.com   Mike@karlinlaw.com
Rex@karlinlaw.com   Dan@karlinlaw.com

The request that the Court endorse their proposed consent decree is DENIED. No class was certified. The parties are free to settle this case on any terms they wish, and they will be bound by the terms and conditions of their stipulation of voluntary dismissal. 9 Wright & Miller, Federal Practice & Procedure § 2363 (3d ed. 2008).

Date: Feb. 29, 2024
New York, New York

Mary Kay Vyskocil
United States District Judge